UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00272-JPH-MJD-1 |
| v. | ORDER ON RENEWED MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| LATRELL DION CALDWELL | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00272-JPH-MJD |
| | ) | |
| LATRELL DION CALDWELL, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Latrell Dion Caldwell filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 114. For the reasons explained below, his motion for compassionate release, dkt. [114], is **denied**.

## I. Background

In December 2019, Mr. Caldwell pled guilty to one count of interference with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a) (count 1), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count 2). Dkt. 71. According to the presentence investigation report, Mr. Caldwell and another individual entered Harem House Gentlemen's Club while brandishing firearms to commit the offense of robbery. Dkt. 65. After firing a round, the other individual placed a gun to the manager's head and demanded money. Mr. Caldwell put a gun in the face of one of the club's employees, grabbed her by the hair, and pulled her out of the doorway. Afterwards, he took her cell phone and black bag, which

contained her work clothing. A patron was also robbed of his cash while Mr. Caldwell held a gun to his head. The Court sentenced Mr. Caldwell to 42 months on Count 1, and a consecutive term of 84 months on Count 2, for a total of 126 months of imprisonment. Dkt. 71 at 2. The Court also sentenced Mr. Caldwell to 3 years of supervised release. *Id.* at 3. The Bureau of Prisons ("BOP") reports Mr. Caldwell's anticipated release date (with good-conduct time included) as April 25, 2027. See https://www.bop.gov/inmateloc/ (last visited September 11, 2026).

Mr. Caldwell previously filed a motion for compassionate release. Dkt. 96. In that motion he argued that he could show extraordinary and compelling reasons for compassionate release because (1) his mother was very ill and he would like to care for her, and (2) there was a potential that COVID cases could once again rise at his facility. Dkt. 103 at 3. The Court denied this motion because Mr. Caldwell did not establish extraordinary and compelling reasons for early release. Dkt. 103.

Here, Mr. Caldwell sets forth three potentially extraordinary and compelling reasons for release: (1) the incapacitation of his mother, (2) the punitive nature of COVID-19 restrictions, and (3) his rehabilitation no longer makes him a threat to society. Dkt. 114 at 3.

## II. Applicable Law

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court is authorized to reduce a sentence if it finds there are

"extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court conducts a two-step analysis when evaluating a motion for compassionate release. "At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction . . ." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Upon a finding of an extraordinary and compelling reason for a sentence reduction, "the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* Compassionate release is appropriate only when the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

## III. Analysis

### A. Extraordinary and Compelling Reasons

#### 1. Only Available Caregiver

Mr. Caldwell represents that he is the "'only person capable of providing . . . daily care' to his mother who is incapacitated" due to morbid obesity (BMI 60+), uncontrolled Type II Diabetes, severe hypertension, asthma, obstructive sleep apnea, chronic pain and mobility impairments, and clinical depression and anxiety. Dkt. 114 at 3. According to Mr. Caldwell, his mother is immobile without assistive devices, unable to care for herself independently, and requires a full-time caregiver. *Id.* at 3, 6.

As relevant here, the United States Sentencing Guidelines allow a court to find extraordinary and compelling reasons warranting a sentence reduction under the following circumstances:

> The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent. * * *

U.S.S.G. § 1B1.13(b)(3)(C). The Guidelines also permit a court to find extraordinary and compelling reasons if

> the defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(4).

While the Court sympathizes with Mr. Caldwell's desire to help care for his mother, he has not met his burden to establish extraordinary and compelling reasons warranting a sentence reduction. Mr. Caldwell references having the support of his mother's treating physician, Derrick William Walker, M.D., based on a letter written in support of his previous motion for compassionate release. Dkts. 114 at 6; 96-3 at 3. However, this letter was written in November of 2021, and Mr. Caldwell has not supplied the Court with any new information from Dr. Walker, or anyone else treating his mother. Dkt. 96-3 at 2. Although Dr. Walker stated in that letter that Mr. Caldwell's mother has "multiple serious medical conditions that require a full-time caregiver" and that it "would be highly preferable if she had a solo caregiver" she was not without care at the time this letter was written, nor does she appear to be without any care presently. *Id.* at 2-3. At the time the letter was written she

was seen by multiple caregivers at her home. *Id.* at 3. In Mr. Caldwell's present motion, he states that "her sisters are no longer consistently available, and [he] is now the only person capable of providing her with daily care." Dkt. 114 at 3. While Mr. Caldwell's aunts may not be able to provide full-time care to Ms. Caldwell, the record does not establish that they cannot assist with providing her care. Nor does the record establish that Ms. Caldwell is otherwise unable to arrange for care.

In summary, the Court concludes that Mr. Caldwell has not met his burden to show that his desire to care for his mother is an extraordinary and compelling reason for release, whether considered alone or in combination with any other factors.

**2. Punitive Nature of COVID-19 Conditions**

Mr. Caldwell argues that COVID-19 restrictions—suspension of visitation, recreation, and educational programs—made his sentence harsher and more punitive than originally intended and thus should be considered an extraordinary and compelling reason for compassionate release. Dkt. 114 at 5. The Court understands Mr. Caldwell to be arguing that extraordinary and compelling reasons for a sentence reduction exist because he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4), in turn, provide that extraordinary and compelling reasons exist based on certain serious medical

conditions (§§ 1B1.13(b)(1) and (2)); when the defendant is needed to care for a child, spouse, parent, or other family member (§ 1B1.13(b)(3)); and when the defendant was a victim of sexual or physical abuse at the hands of a correctional officer, employee or contractor of the Bureau of Prisons, or anyone else who had custody or control of the defendant (§ 1B1.13(b)(4)).

The Court appreciates that the restrictions necessitated by the COVID-19 pandemic must have been difficult for Mr. Caldwell. But those restrictions are not "similar in gravity" to the potentially extraordinary and compelling reasons set forth in §§ 1B1.13(b)(1)-(4). Notably, the extraordinary and compelling reasons identified in those sections are specific to the individual circumstances of the defendant, which is in keeping with the statute's direction that the reason be "extraordinary." Most, if not all, federal prisoners experienced COVID-19 restrictions similar to those described in Mr. Caldwell's motion. Accordingly, the Court declines to find those conditions to be an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other factors. *See also United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) (stating, before the promulgation of the current version of § 1B1.13, "[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up)); *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding, before promulgation of the current version § 1B1.13, no extraordinary and compelling circumstances where prisoner did not provide individualized

evidence for his argument that his prison mishandled the risks of the pandemic).

**3. Rehabilitation**

That leaves Mr. Caldwell with only one potentially extraordinary and compelling reason for a sentence reduction—his post-sentencing rehabilitation. The Court commends Mr. Caldwell for earning his GED, as well as for his participation in educational programs during his incarceration, and his lack of a disciplinary record, but rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Dkt. 114 at 3. The Court does not find that Mr. Caldwell's rehabilitation combines with any other factors to create an extraordinary and compelling reason for a sentence reduction.

In summary, Mr. Caldwell has not carried his burden to show that any extraordinary and compelling reasons, whether considered alone or in combination with any other factors, warrant a sentence reduction in his case.

Even if Mr. Caldwell could establish an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(3)(C) based on Ms. Caldwell's need for care, the Court nevertheless finds that he is not entitled to compassionate release because the 18 U.S.C. § 3553(a) sentencing factors do not weigh in his favor. Under § 3553(a), the Court considers: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent

policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Weighing in Mr. Caldwell's favor, he has earned his GED while in prison, participated in programming, shown good behavior, and has a proposed release plan. Dkt. 114.

Weighing against him, Mr. Caldwell's offense was violent, he has a substantial criminal history with a history of violence, and he committed the offense in this case while on probation. Dkt. 65 ¶¶ 8-12 (summary of offense conduct); *id.* ¶¶ 37-38 (10 criminal history points).

Considering these factors, the Court finds that granting Mr. Caldwell's motion would not reflect the seriousness of his offense; promote respect for the law; provide just punishment for his offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("All a district judge need do is provide a sufficient reason for [denying release under § 3582(c)(1)]. One good reason for denying a motion such as [plaintiff's] is enough; more would be otiose."). His motion for compassionate release therefore is denied.

## IV. Conclusion

For the reasons above, Mr. Caldwell's motion for compassionate release, dkt. [114], is **DENIED**.

**SO ORDERED.**

Date: 10/8/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Latrell Dion Caldwell
Reg. No. 16329-028
USP Coleman I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

All Electronically Registered Counsel